The State, *ex rel.,* v. City of Coffeyville.

No. 24,247.

THE STATE OF KANSAS, ex rel. DONALD W. STEWART, as County Attorney of Montgomery County, *Appellant,* v. THE CITY OF COFFEYVILLE et al., *Appellees.*

SYLLABUS BY THE COURT.

CITIES OF FIRST CLASS—*Unlawfully Creating Debt—Improving Electric Light Plant.* Under section 1649 of the General Statutes of 1915, a city of the first class, operating under a commission form of government, cannot contract an indebtedness for building or improving a municipal electric light plant in excess of the funds on hands appropriated to that purpose. Warrants cannot be drawn in excess of that amount.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 8, 1922. Reversed.

*Donald W. Stewart,* county attorney, for the appellant.

*Dallas W. Knapp,* of Coffeyville, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is a friendly action to obtain a judgment declaring the meaning of section 1649 of the General Statutes of 1915. The district court held that the defendants had power under that statute to contract debts for the renewal and replacement of electrical equipment to be paid for out of future proceeds arising from the sale of electricity, there not being sufficient funds on hand to pay the obligation created. The plaintiff appeals.

The action was tried on an agreed statement of facts, as follows:

"It is hereby stipulated by and between plaintiff and defendants above named, that the sole question at issue herein, is whether or not Section 1649, of the General Statutes, Kansas, 1915, to wit:

"'1649. Unlawfully creating debt: Payment of warrants, 617. No indebtedness shall be created by the Board of Commissioners, nor order or warrant of indebtedness of the city drawn or issued on the treasury in payment of any indebtedness, to exceed the amount of funds on hand in the treasury at the time, except for building side walks, or supplying and erecting lamp-posts, or where provision has been made for the issuance of bonds. And any member of the board of commissioners who shall knowingly vote for, or in any manner aid or promote the passage or adoption of an ordinance, legislation or other act of said board creating an indebtedness, or drawing any order or warrant on the treasury in payment of any indebtedness which exceeds the amount of funds actually on hand in the treasury at the time for such purpose, except for building sidewalks or supplying and erecting electric lamp posts, or where provision has been made for the issuance of bonds, shall

thereby be guilty of malfeasance in office, and such action shall, *ipso facto,* vacate his office, and he shall be liable on his official bond for such malfeasance. . . .'

—prohibits, and if not, whether or not the powers conferred by law authorize the Board of Commissioners of the City of Coffeyville, Kansas, to at once under the facts purchase the machinery described in the pleadings, for its electric light plant, and that this case may therefore be submitted to the court upon the following agreed statement of facts:

"1. Coffeyville, Kansas, is a city of the first class under 18,000 population, operating under what is known as the Commission form of Government; that Frank McClellan is the duly qualified and acting Mayor, and W. L. Marcy and Oscar Jensen are the duly qualified and acting Commissioners.

"2. That the City of Coffeyville has for a number of years owned and operated a Municipal electric light plant and has been during said time, and now does, furnish electric ·current to its inhabitants for light and power. That it also operates and owns a water works system and the power for said system is supplied by the municipal electric light plant.

"3. That the expense of the machinery the City of Coffeyville · contemplates to purchase is the sum of $46,350.00 and that the city has on hand in its electric light fund, available at this time, to apply on said purchase the sum of $30,000.00.

"4. That the entire cost of said machinery it intends to purchase is $46,-350.00 which sum is to be paid out of the electric light fund derived from revenue from customers of electric current, and it is intended that no part of said cost will be paid out of any fund raised by tax levy and the contract will so provide.

"5. That the City of Coffeyville has bids on file from supply houses, providing that the entire cost be made in payments out of the electric light fund as it accrues from the sale of electric current and it is not intended that any warrant be drawn on the treasury until the money to pay the same is actually on hand.

"6. That the' machinery which the board of Commissioners of the city of Coffeyville desire to purchase is for the renewal and replacement of old and antiquated machinery, which on acount of constant use for over fifteen years, has become inefficient, worn out and undependable; that on account of an unexpected breakage, the plant being in such a condition, it is liable to, at any time become out of order and unable to supply the necessary electric current for its customers and its streets, and for its water works system.

"7. That in the judgment of the Board of Commissioners of the 'City of Coffeyville, Kansas, it is necessary that the machinery be immediately purchased to insure more efficient and economic service to its customers, and further that to delay the purchase thereof until it actually has on hand a sum sufficient to pay for the same will, in their judgment endanger the service actually necessary to be rendered, and subject the city to claims for damages."

So much of the statute as is involved is set out in the second paragraph of the agreed statement of facts. That statute prohibits the board of city commissioners in cities of the first class from creating

an indebtedness or drawing any order or warrant to pay an indebtedness to exceed the amount of funds on hand in the treasury at the time. It is agreed that the expense of the contemplated purchase will be $46,350 and that the city has only $30,000 on hand available for that purpose. Under these circumstances, the city can contract for the expenditure of $30,000 and no more.

The judgment is reversed, and the trial court is directed to enter judgment enjoining the defendants from contracting an indebtedness for the purpose named and from issuing orders or warrants therefor in excess of $30,000, until funds are provided therefor.